# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| BLAKE LINDSEY | § | |
| | § | |
| V. | § | CASE NO. 4:06cv234 |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying his claim for Disability Insurance Benefits ("DIB"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be REVERSED and REMANDED.

## HISTORY OF THE CASE

Plaintiff protectively filed an application for Supplemental Security Income disability benefits under Title XVI of the Social Security Act on August 6, 2004, claiming entitlement to disability benefits due to severe cognitive and learning disabilities. Plaintiff's application was denied initially and on reconsideration. Pursuant to Plaintiff's request, a hearing was held before an Administrative Law Judge (ALJ) in Paris, Texas on October 4, 2005. Plaintiff was represented by counsel at the proceeding. At the hearing, Plaintiff, his mother, Pamela Lindsey Ennis, the ALJ's medical expert, David Sowell, M.D., and the ALJ's vocational expert, Talesia Beasley, testified.

On January 26, 2006, the ALJ denied Plaintiff's claim, finding Plaintiff "not disabled." Plaintiff requested Appeals Council review, which the Appeals Council denied on April 6, 2006.

Therefore, the January 26, 2006 decision of the ALJ became the final decision of the Commissioner for purposes of judicial review under 42 U.S.C. § 405(g).  *See* 20 C.F.R. § 404.981 (2005).

## **ADMINISTRATIVE LAW JUDGE'S FINDINGS**

The Administrative Law Judge made the following findings:

1. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

2. The claimant's blindness in the left eye, a learning disability, borderline intellectual functioning, dyslexia, and ADD are considered "severe" based on the requirements in the Regulations 20 C.F.R. § 416.920(c).

3. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

4. The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

5. The claimant has the following residual functional capacity: to lift/carry 10 pounds frequently, and 20 pounds occasionally; stand/walk for six hours in an 8-hour workday; and sit for 2 hours in an 8-hour workday. The claimant is blind in one eye; is unable to read, write, count, or make change; and is functionally illiterate.

6. The claimant has no past relevant work (20 C.F.R. § 416.965).

7. The claimant is a 'younger individual' (20 C.F.R. § 416.963).

8. The claimant is illiterate.

9. The claimant has the residual functional capacity to perform a significant range of light work.  (20 C.F.R. § 416.967).

10. Although the claimant's exertional limitations do not allow him to perform the full range of light work, using Medical-Vocational Rule 202.16 as a framework for decision-making, there are a significant number of jobs in the national economy that he could perform. Examples of such jobs include work as a: silver wrapper for which there are 18,064 jobs regionally and 180,640 jobs nationally; laundry folder for which there are 106,228 jobs regionally and 1,062,280 jobs nationally; and cuff folder for which there are 2,054 jobs regionally and 20,540 jobs nationally.

    11.    The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision. (20 C.F.R. § 416.920(g)).

(T.R. 17-18).

## **STANDARD OF REVIEW**

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

## **SEQUENTIAL EVALUATION PROCESS**

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of her residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987). At the fifth step, it must be determined whether claimant could perform some work in the national economy. A claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

## ANALYSIS

Lindsey argues that the ALJ's finding at Step 3 that Lindsey does not suffer from an impairment meeting Listing 12.05C is not supported by substantial evidence. Lindsey argues that he meets Listing 12.05C.

> 12.05 Mental retardation: Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.,* the evidence demonstrates or supports onset of the impairment before age 22. The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> * * *
>
> C. A valid verbal, performance, or full scale IQ of 60-70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function. *See* 20 C.F.R. pt. 404, subpt. P. App. 1 § 12.05.

To meet the requirements of Listing 12.05C, a claimant must show: "(1) a valid verbal performance, or full scale IQ of 60 through 70; (2) an onset of the impairment before age 22; and (3) a physical or other mental impairment imposing an additional and significant work-related limitation of function." *Maresh v. Barnhart,* 438 F.3d 897, 899 (8th Cir. 2006). Because a formal diagnosis of mental retardation is not required, the claimant need only exhibit deficits in adaptive functioning manifested prior to the age of twenty-two. *Witt v. Barnhart*, 446 F. Supp.2d 886, 895 (N.D. Ill. 2006). Adaptive Functions include "cleaning, shopping, cooking, taking public transportation, paying bills, maintaining a residence, caring appropriately for [one's] grooming and hygiene, using telephones and directories, and using a post office." 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.00(C)(1).

The Court agrees with Lindsey's assessment that the ALJ must consider the lower of the three scores noted. Here, the ALJ did not take into account the performance IQ of 68. Therefore, Lindsey met the first two steps of consideration noted above. If the Court decides that Lindsey was not deficit

in adaptive functioning, then the inquiry stops. However, the Court cannot determine this because it wasn't determined by the ALJ. Evidently, when the ALJ accepted the higher score, she did not believe it was necessary to determine whether Lindsey was deficit in adaptive functions. Clearly, the records indicate that he can do certain tasks but not others.

Moreover, there is no discussion by the ALJ as to Lindsey's GAF scores, which ranged between 45-50. A GAF score between 41 and 50 indicates "serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." *Davis v. Astrue*, 2008 WL 517238, at *3, n. 6 (N.D. Tex. 2008) (citing DSM-IV at 34). The Court is unable to determine how this score should fit into the overall equation of either Lindsey's impairment or whether it affects his residual capacity to work.

The Court finds that the case should be remanded for re-adjudication at Step 3 to allow the ALJ to address the issue of adaptive functioning and to express her rationale for the Step 3 finding. The Court also agrees with Lindsey that Lindsey's correct mental functional capacity was not taken into account. If the ALJ proceeds to Step 5, then the requirements of SS Ruling 85-16 should be considered by the ALJ in her assessment.

Whether or not the Court believes that Lindsey meets a listing or is unable to be gainfully employed is an issue reserved for the ALJ, not the Court. However, the Court believes that the ALJ did not engage in the analysis set forth in the Agency's rules and should reconsider as outlined above.

## **RECOMMENDATION**

Pursuant to the foregoing, the Court RECOMMENDS that the decision of the Administrative Law Judge be REVERSED and REMANDED as outlined above.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days shall bar an aggrieved party from attacking the factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 106 (1985); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc).

**SIGNED this 5th day of March, 2008.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE